**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TAMIKA BADILLO, et al.,**

    **Plaintiffs,**

v.                                                                              Case No.  8:04-cv-591-T-30TBM

**PLAYBOY ENTERTAINMENT GROUP,**
**INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Deslin, Inc. d/b/a Desert Inn Resort Motel's Motion for Summary Judgment (Dkt. 312) and Memorandum of Law in Support of the same (Dkt. 316), Plaintiffs' Statement of Facts (Dkt. 364) and Memorandum of Law in Opposition to said Motion (Dkt. 365); Defendants Daytona Beverages, L.L.C. and Daytona Beverages, Inc.'s Motion for Summary Judgment (Dkt. 307), Memorandum of Law (Dkt. 308) and Statement of Undisputed Facts (Dkt. 309) in support of the same, Plaintiffs' Memorandum of Law in Opposition to said Motion (Dkt. 358) and Statement of Material Facts in support of the same (Dkt. 359).

## FACTUAL BACKGROUND

Plaintiffs, in the early part of March 2001, traveled to Daytona Beach, Florida, to enjoy their spring break from high school.  At the time of their trip, Plaintiffs were seventeen (very

nearly eighteen) years of age.[1]  At some time during their stay in Daytona Beach, Plaintiffs decided to participate in a wet t-shirt contest.  The contest was held on the outdoor pool deck of the Desert Inn Resort (hereinafter "Desert Inn"), a hotel establishment owned and operated by Defendant Deslin Hotels (hereinafter "Deslin Hotels").

Prior to participating in the wet t-shirt contest, Plaintiffs consumed beer behind the stage where the contest was to be performed.  Additionally, Plaintiffs affixed temporary tattoos containing the "Bud Light" insignia to their arms, back and breasts.  Once on stage, Plaintiffs voluntarily danced provocatively, exposing their breasts.  Plaintiff Campos, in addition to exposing her breasts, also exposed her genital area[2].  At no time during the contest did either Plaintiff attempt to withdraw[3].

The contest was photographed and video recorded by employees or agents of co-Defendants BV & BK Productions, Watchcams and Paul Prewitt.[4]  Subsequent to the contests, co-Defendant Prewitt sold his footage to co-Defendants Lincolnwood Motion Pictures and

---

[1] It is worth noting that while seventeen at the time of their trip, both Plaintiffs were on the eve of their eighteenth birthday.  Plaintiff Campos' birth date is March 22, 1983 while Plaintiff Badillo's date of birth is May 24, 1983.

[2] The Court notes that Plaintiff Campos continually exposed her genital area to the crowd, taking the bottom of her bikini down even after specifically being told by one of the individuals who appears by the video to be running the contest to keep her clothing on.

[3] In reviewing the video footage of the contest, it does not appear that either Plaintiff expressed any desire to disassociate herself from the level of debauchery exhibited during the contest.  In fact, when encouraged by the crowd, Plaintiffs, particularly Plaintiff Campos, danced more provocatively.

[4] BV & BK Productions, LLLP and Watchcams. Inc. were terminated as parties to this action on May 20, 2005.  A Clerk's Default was entered against Defendant Prewitt on September 22, 2004.

New City Releasing. The footage was subsequently incorporated into commercial video products that were sold at various retail stores and broadcast over cable networks.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

In reviewing the record, this Court finds a genuine issue of material fact exists as to the possible agency relationship between Goldrush Disc Jockeys, Inc. and Deslin Hotels, Inc. and Goldrush Disc Jockeys, Inc. and Daytona Beverages, specifically with regard to the testimony of Goldrush Disc Jockeys, Inc.'s President David L. Barton.

In Mr. Barton's affidavits[5], which Plaintiffs filed in support of their Memorandum in Opposition to Defendant Anheuser-Busch, Inc.'s Motion for Summary Judgment, Mr. Barton states, "Irene Devlin on behalf of the Desert Inn and Jeffrey Vickers instructed me and Goldrush (i) on how to run the various contests on the pool deck, including the wet t-shirt contests, (ii) when to come to the pool deck and emcee the contests, and (iii) which contests

---

[5] It is not lost on this Court that these new helpful affidavits of Mr. Barton came after Mr. Barton's company was dismissed as a party to this action.

to emcee." (Dkt. 358, Ex. 4, ¶ 7). Mr. Barton further averred that "[t]hroughout each Spring Break, including Spring Break 2001, my actions and those of other employees of Goldrush were dictated by the instructions received from Irene Devlin and Jeffrey Vicker." Id. at ¶ 8. These statements potentially contradict[6] the testimony of Ms. Devlin in her affidavit (Dkt. 365, Ex. 14), wherein she states that Desert Inn retained an independent contractor[7] to "play music, and conduct activities and events including wet t-shirt contests on the pool deck of the Desert Inn in March 2001." Id at ¶ 5.  The statements also potentially conflict with the testimony of Jeff Vickers.  In Mr Vickers' deposition he testified that while he was present at Desert Inn during the wet t-shirt contest, he was not in charge of the contest (Dkt. 358, Ex. 5 at 4, Ex. 6 at 12).

Taking the facts as stated in Mr. Barton's affidavit as true, as this Court must for summary judgment purposes, the motions for summary judgment must be denied.  It is therefore

ORDERED AND ADJUDGED that:

---

[6] The Court uses the phrase "potentially contradict" because Mr. Barton's affidavit is somewhat vague and conclusory.  For example, he states that Ms. Delvin requested the wet t-shirt contest to be videotaped for promotional purposes, but it doesn't appear that she ever received or used the videotape.  In fact, the videotape was sold by Defendant Prewitt to other third parties, indicating it was his property, not that of Desert Inn.  If Defendants wish to re-open discovery to depose Mr. Barton, the appropriate Motion should be filed.

[7] The Court notes that although Ms. Delvin's affidavit does not specify the identity of the independent contractor, there is no evidence in the record that any other entity besides Goldrush Disc Jockeys played music on the pool deck in March 2001.  Further, Plaintiffs' have not contested that Goldrush Disc Jockeys provided music and participated in the wet t- shirt contest.  As such, for purposes of this Order, the Court will assume that the independent contractor identified in paragraph 5 of Ms. Delvin's affidavit is Goldrush Disc Jockeys.

1. Defendant Deslin, Inc. d/b/a Desert Inn Resort Motel's Motion for Summary Judgment (Dkt. 312) is **DENIED**;

2. Defendants Daytona Beverages, L.L.C. and Daytona Beverages, Inc.'s Motion for Summary Judgment (Dkt. 307) is **DENIED**; and

3. Defendant Daytona Beverage's Motion to Strike Supplement to Affidavit of David L. Barton Sworn to March 16, 2006 (Dkt. 361) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 13, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-591 - Denial of SJ Motion.wpdl