**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TAMIKA BADILLO, et al.,**

    **Plaintiffs,**

v.                                                      Case No.  8:04-cv-591-T-30TBM

**PLAYBOY ENTERTAINMENT GROUP,**
**INC., et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Deslin Hotels, Inc.'s Motion in Limine to Exclude Expert Testimony of Robert T. Lacey and Supporting Memorandum of Law (Dkt. 317) and Plaintiff's Memorandum of Law in Opposition to the Same (Dkt. 375).  Upon review and consideration, this Court finds that Defendant Deslin Hotels, Inc.'s Motion should be **GRANTED**.  Mr. Lacey's opinions as to the adequacy or inadequacy of the security at the pool during Spring Break 2001 is based solely on his belief that had security been adequate, Plaintiffs' participation in the wet t-shirt contest would not have happened (Dkt. 317, Ex. 2 at 37).  Mr. Lacey's  line of reasoning is nothing more than *ipse dixit*.   While Federal Rule of Evidence 702 permits an expert to testify if the expert's testimony is "based upon sufficient facts or data, . . .the product of reliable principles and methods, and  . . . the witness has applied the principles and methods reliably to the facts of the case," Fed. R.Evid. 702 (2005); nothing in this rule "requires a district court to admit

opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." Lord v. Fairway Elec. Corp., 223 F. Supp. 2d 1270, 1279 (M.D. Fla. 2002) (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)).

It is therefore ORDERED AND ADJUDGED that Defendant Deslin Hotels, Inc.'s Motion in Limine to Exclude Expert Testimony of Robert T. Lacey (Dkt. 317) is **GRANTED.**

**DONE** and **ORDERED** in Tampa, Florida on March 23, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-591 - Motion in Limine - Security Expert.frm